117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David LITMON, JR., Petitioner-Appellant,
v.
George SMITH, Respondent-Appellee.
 No. 95-16842.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
July 8, 1997.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Litmon, a California state prisoner, appeals the district court's denial of his habeas petition brought under 28 U.S.C. § 2254. He complains that the district court failed to address the claims he presented below, namely, that: (1) he was disciplined in violation of his First Amendment right to refuse to discuss his inmate grievance with Officer Van Gelder, and (2) his disciplinary proceeding constituted retaliation for exercising his right to file a grievance. He therefore seeks reversal and remand for a determination of his claims in the first instance. We affirm with respect to the former claim but reverse and remand with respect to the latter.
 
 
 3
 There is ample evidence in the record to support the conclusion reached by the Inmate Appeals Branch that Litmon was disciplined for refusing to obey a direct order to return to the building. Litmon offers no specific facts supporting a contrary conclusion. Therefore, we affirm the district court's denial of the habeas petition with respect to his claim that he was unlawfully disciplined for exercising his First Amendment rights.
 
 
 4
 As for Litmon's claim that prison officials brought the disciplinary proceeding in order to retaliate against him for filing a grievance, however, we conclude that the magistrate did not make specific findings or recommendations as to the proper disposition of the claim. Despite Litmon's timely filing of objections to that effect, the district court simply adopted the magistrate's findings and denied the petition without further discussion. Because the court below never decided the retaliation claim, we reverse and remand so that it may now do so.
 
 
 5
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3